UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL KELLER,<br><br>                              Plaintiff,<br><br>            -against-<br><br>LINDENHURST FABRICATORS, INC., CHARLES ROGERS and KIRK ROGERS,<br><br>                              Defendants. | Docket No.: 18-cv-6914<br><br><br>**COMPLAINT** |

Plaintiff, Michael Keller, by and through his attorneys, Virginia & Ambinder, LLP, alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.      This action is brought pursuant to Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 207, New York Labor Law ("NYLL") Article 19 § 663, and 12 New York Codes, Rules, and Regulations ("NYCRR") § 142-2.2 to recover unpaid overtime compensation which Plaintiff is statutorily entitled to receive for work performed on behalf of LINDENHURST FABRICATORS, INC., CHARLES ROGERS, and KIRK ROGERS ("Defendants") in excess of forty hours in a consecutive seven day work week.

2.      This action is also brought to recover unpaid prevailing wages and benefits, for work Plaintiff performed on behalf of Defendants on public work projects, including but not limited to: Lindenhurst Fire Department, Lynbrook Marion Street Elementary School, and Westhampton Care Center (collectively referred to as the "Public Works Projects"), under contracts to perform work upon the Public Works Projects.

## JURISDICTION

3.      Jurisdiction of this Court is invoked pursuant to the FLSA, 29 U.S.C. § 207 and 28

U.S.C. § 1331. This Court also has supplemental jurisdiction over all New York State Law claims pursuant to 28 U.S.C. § 1367.

4. The statute of limitations under the FLSA for willful violations is three (3) years. *See* 29 U.S.C. § 255(a).

5. The statute of limitations under the NYLL for willful violations is six (6) years. *See* New York Labor Law § 198(3).

## VENUE

6. Venue for this action in the Eastern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of New York. In addition, Defendants resides within the Eastern District of New York.

## THE PARTIES

7. Plaintiff Michael Keller is an individual who resides in Bayshore, New York, performed work as an iron worker and welder on behalf of Defendants.

8. Defendants, Lindenhurst Fabricators, Inc. is a New York State domestic corporation licensed to do business in the State of New York, with an office and its principal place of business at 117 South 13th Street, Lindenhurst, New York 11757. Upon information and belief, Lindenhurst Fabricators, Inc. is engaged in the construction business. Upon further information and belief, Lindenhurst Fabricators, Inc. entered into contracts to perform construction work on a number of Public Works Contracts.

9. Upon information and belief, CHARLES ROGERS is one of the chief executive officers and one of the principal shareholders of Lindenhurst Fabricators, Inc., who resides at 117 South 13th Street, Lindenhurst, New York 11757.

10. Upon information and belief, KIRK ROGERS is one of the chief executive officers and one of the principal shareholders of Lindenhurst Fabricators, Inc., who resides at 117 South 13th Street, Lindenhurst, New York 11757.

**FACTS**

11. Plaintiff worked for Defendants from approximately October 2014 through September 2018.

12. Upon information and belief, between 2014 and 2016, Defendants entered into a number of public works contracts with the Lynbrook Union Free School District, as well as fire departments and senior citizen centers to perform general construction work at publicly financed construction sites in New York (hereinafter referred to as the "Public Works Contracts"). The Public Works Contracts called for Defendants, to furnish the necessary labor, material and/or equipment to perform work on the Public Works Projects.

13. Section 220 of the New York State Labor Law provides that the wages to be paid to laborers, workmen and mechanics upon public work shall not be less than the "prevailing rate of wages."

14. The "prevailing rate of wage" is the rate of wage paid in the locality by virtue of collective bargaining agreements between bona fide labor organizations and employers of the private sector. See New York Labor Law § 220.

15. Section 220 also requires that the laborers, workmen and mechanics upon such public work be provided "supplemental benefits" at the prevailing rate. "Supplemental benefits" are all forms of remuneration for employment paid in any medium other than cash, including but not limited to health, welfare, and non-occupational disability insurance, retirement and vacation benefits, holiday pay and life insurance. The prevailing rate of supplemental benefits is determined

in the same manner as wages. See New York Labor Law § 220.

16. Beginning in or about 2015, Plaintiff started to furnish labor to the Defendants upon the sites of the Public Works Projects.

17. Defendants paid Plaintiff less than the prevailing rates of wages and supplements to which Plaintiff was entitled.

18. Plaintiff was paid an hourly rate of $19.00 per hour until approximately 2016.

19. Starting in approximately 2016, Plaintiff earned $23.00 per hour.

20. Plaintiff routinely worked in excess of forty (40) hours per week.

21. Plaintiff typically worked approximately five (5) days per week for Defendants. He worked from approximately 7:00 a.m. to 3:30 p.m., Monday through Friday.

22. On numerous occasions, Plaintiff was required to work beyond 3:30 p.m. On these occasions, Plaintiff generally worked until 5 p.m.

23. Plaintiff typically worked up to 48 hours per week.

24. Despite routinely working over forty (40) hours per week, Plaintiff was not paid overtime wages at the rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40), nor was he paid at the prevailing wage and benefit rates established by the New York Department of Labor for work performed on the Public Works Projects.

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

25. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

26. Upon information and belief, the Public Works Contracts entered into by Defendants contained schedules of the prevailing rates of wages and supplemental benefits to be paid to Plaintiff.

27. Those prevailing rates of wages and supplemental benefits were made a part of the

Public Works Contracts for the benefit of Plaintiff.

28. Defendants breached the Public Works Contracts by willfully failing to pay Plaintiff the prevailing rates of wages and supplemental benefits for all labor performed upon the Public Works Projects.

29. By reason of its breach of the Public Works Contracts, Defendants is liable to Plaintiff for an amount not yet determined, but believed to be in excess of $20,000, plus interest.

## SECOND CAUSE OF ACTION: FLSA OVERTIME COMPENSATION

30. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

31. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

32. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

33. Plaintiff is an employee within the meaning contemplated in the FLSA, 29 U.S.C. § 203.

34. Plaintiff regularly worked in excess of forty (40) hours per week.

35. Defendants failed to pay Plaintiff overtime wages, at the rate of one and one-half times the regular rate of pay, for all hours in which they worked after the first forty hours in any

given week.

36. The failure of Defendants to pay Plaintiff their rightfully owed wages and overtime compensation was willful.

37. By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs.

### THIRD CAUSE OF ACTION: NEW YORK LABOR LAW OVERTIME COMPENSATION

38. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

39. Pursuant to 12 NYCRR § 142-2.2 "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate . . . ."

40. NYLL § 663 provides that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorneys' fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due."

41. Upon information and belief, Plaintiff regularly worked more than forty (40) hours per week.

42. Upon information and belief, Plaintiff was not paid at a rate of one and one-half times their regular rate of pay for all hours worked above forty (40) in a week.

43. Consequently, by failing to pay Plaintiff overtime compensation for all hours worked after the first forty (40) hours in a week, Defendants violated the NYLL and 12 NYCRR § 142-2.2.

44. Upon information and belief, Defendants' violated the NYLL and 12 NYCRR § 142-2.2 and are liable to Plaintiff for all damages permitted under the NYLL in an amount to be determined at trial, plus interest, attorneys' fees and costs.

**WHEREFORE**, Plaintiff, demands judgment:

(1) on his first cause of action against Defendants, in an amount to be determined at trial plus interest;

(2) on his second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs;

(3) on his third cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees, and costs; and

(3) together with such other and further relief the Court may deem appropriate.

Dated: New York, New York
December 5, 2018

VIRGINIA & AMBINDER, LLP

/s/ Lloyd Ambinder
Lloyd R. Ambinder, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
Tel: (212) 943-9080

*Attorney for Plaintiff*